UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br>                 Plaintiff, <br><br>     -against- <br><br> HARSH V. PATEL, <br><br>                 Defendant. | **1:26-cv-03203 (MMG)** <br><br> **ANSWER AND AFFIRMATIVE DEFENSES** <br><br> **JURY TRIAL DEMANDED** |

Defendant Harsh V. Patel ("Defendant") by and through his undersigned attorney, answers the Complaint of Plaintiff Securities and Exchange Commission (the "SEC") as follows. Except as expressly and specifically admitted herein, Defendant denies each and every allegation in the Complaint, including any allegations contained in any heading, subheading, footnote, or unnumbered text, and denies that he engaged in any unlawful, fraudulent, deceptive, or manipulative conduct. Where Defendant asserts his privilege against self-incrimination under the Fifth Amendment to the United States Constitution in response to an allegation, that assertion is not an admission and shall be deemed a denial of the allegation. The headings and subheadings reproduced below track the Complaint for convenience and reference only and do not constitute an admission of any kind as to their relevance, materiality, or accuracy.

## SUMMARY OF THE ALLEGATIONS

1. Defendant denies the allegations contained in Paragraph 1.

2. Defendant admits that, during the period identified in the Complaint, he maintained accounts at registered broker-dealers in his own name. As to the allegations that Defendant placed orders through, or used, accounts held in the names of other persons,

1

including any allegation that he did so without the account holder's knowledge or consent, Defendant asserts his privilege against self-incrimination under the Fifth Amendment to the United States Constitution and on that basis declines to admit or deny those allegations. Defendant denies that he carried out any "scheme," denies that he acted to "avoid detection," and except as set forth herein, denies the remaining allegations and characterizations contained in Paragraph 2.

3. Defendant admits that he placed market orders to purchase securities. Defendant denies that he did so to increase or manipulate the price of any security, denies that his trading was confined to thinly traded securities, and denies the remaining allegations and characterizations contained in Paragraph 3.

4. Defendant admits that he placed limit orders to buy securities. Defendant denies that any such order was non-bona fide, denies that he placed any order he did not intend to execute, denies that he sought to create any false indication of buying interest, and denies the remaining allegations and characterizations contained in Paragraph 4.

5. Defendant admits that he sold securities that he had purchased and that he at times canceled open limit orders. Defendant denies that any price was "artificially inflated," denies the characterization of his trading, and denies the remaining allegations contained in Paragraph 5.

6. Defendant admits that he engaged in frequent, active day trading across many securities, often over short time periods. Defendant denies that he engaged in any "trading strategy" of the kind alleged, denies that any such trading was manipulative, and denies the remaining allegations and characterizations contained in Paragraph 6.

**VIOLATIONS**

7. Paragraph 7 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies that he violated any provision of the federal securities laws, denies that he engaged in any conduct warranting injunctive or other relief, and denies the allegations contained in Paragraph 7.

**NATURE OF THE PROCEEDINGS AND RELIEF SOUGHT**

8. Paragraph 8 states legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Paragraph 8 purports to describe the statutory authority under which the SEC brings this action, and denies the remaining allegations and characterizations contained therein.

9. Paragraph 9 states legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Paragraph 9 purports to describe the relief the SEC seeks, and denies that the SEC is entitled to any such relief.

**JURISDICTION AND VENUE**

10. Paragraph 10 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 10.

11. Paragraph 11 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies that he engaged in any "transactions, acts, practices, [or] courses of business" of the kind alleged in the Complaint, and denies the remaining allegations and characterizations contained in Paragraph 11.

12. Paragraph 12 states legal conclusions concerning venue to which no response is required. To the extent a response is required, Defendant denies that he conducted any "manipulative trading scheme," denies the remaining allegations and characterizations

3

concerning his alleged conduct in this District, and lacks knowledge or information sufficient to form a belief as to the truth of the allegation that issuers whose securities he traded are headquartered in this District, and on that basis denies it.

**THE DEFENDANT**

13. Defendant admits the allegations contained in Paragraph 13.

**RELEVANT ENTITY**

14. Defendant admits the allegations contained in Paragraph 14.

**TERMS USED IN THIS COMPLAINT**

15. Defendant admits that Paragraph 15 purports to describe a market term or concept and does not dispute an accurate description of market terminology. Defendant denies any remaining allegations contained in Paragraph 15.

16. Defendant admits that Paragraph 16 purports to describe a market term or concept and does not dispute an accurate description of market terminology. Defendant denies any remaining allegations contained in Paragraph 16.

17. Defendant admits that Paragraph 17 purports to describe a market term or concept and does not dispute an accurate description of market terminology. Defendant denies any remaining allegations contained in Paragraph 17.

18. Defendant admits that Paragraph 18 purports to describe a market term or concept and does not dispute an accurate description of market terminology. Defendant denies any remaining allegations contained in Paragraph 18.

19. Defendant admits that Paragraph 19 purports to describe a market term or concept and does not dispute an accurate description of market terminology. Defendant denies any remaining allegations contained in Paragraph 19.

20. Defendant admits that Paragraph 20 purports to describe a market term or concept and does not dispute an accurate description of market terminology. Defendant denies any remaining allegations contained in Paragraph 20.

21. Defendant admits that Paragraph 21 purports to describe a market term or concept and does not dispute an accurate description of market terminology. Defendant denies any remaining allegations contained in Paragraph 21.

**FACTS**

**I. Patel Implemented a Scheme to Manipulate the Price of Securities Using at Least 10 Accounts with Three Registered Broker-Dealers in his Name and the Names of Others**

**A. Overview of Patel's Manipulative Trading Scheme**

22. Defendant admits that he opened accounts in his own name and in the name of NextGen at registered broker-dealers. Defendant denies that he opened any account to "operate" a "scheme," and denies the remaining allegations and characterizations contained in Paragraph 22.

23. Defendant admits that he used more than one account to place orders for securities. Defendant denies the characterization of any account as a "helper" or "winner" account, denies that any account was used to place non-bona fide orders or to profit from price manipulation, and denies the remaining allegations contained in Paragraph 23.

24. Defendant admits that he placed market orders, including small lot market orders, to purchase securities. Defendant denies that he sought to manipulate the price of any

5

security, denies that he created any "illusion" of demand, denies that he acted with any manipulative intent, and denies the remaining allegations and characterizations contained in Paragraph 24.

25. Defendant lacks knowledge or information sufficient to form a belief as to whether his trading activity may have affected the National Best Bid and National Best Offer of certain securities. Defendant denies that any such effect, if any, was the product of manipulation or improper intent, and denies the remaining allegations and characterizations contained in Paragraph 25.

26. Defendant admits that he placed limit buy orders for securities. Defendant denies that any such order was non-bona fide, denies that he placed any order he did not intend to execute, denies that any order was placed to keep prices "artificially inflated," denies the characterization of any account as a "helper" account, and denies the remaining allegations contained in Paragraph 26.

27. Defendant admits that he sold securities that he had purchased. Defendant denies that any sale occurred at an "artificially inflated" price, denies the characterization of his trading, and denies the remaining allegations contained in Paragraph 27.

28. Defendant denies the allegations contained in Paragraph 28.

29. Defendant admits that he at times canceled limit orders after closing a position. Defendant denies that any order was placed or canceled to "prop up" the price of any security, and denies the remaining allegations and characterizations contained in Paragraph 29.

30. Defendant admits that he engaged in frequent, active day trading, at times multiple times per day, across many securities. Defendant denies that he engaged in any manipulative "type of trading," and denies the remaining allegations and characterizations contained in Paragraph 30.

31. Defendant admits that certain broker-dealers restricted and/or closed accounts held in his name or in the name of NextGen. As to the allegations that Defendant traded in, opened, used, or controlled accounts held in the names of other individuals, or acted to avoid detection, Defendant asserts his privilege against self-incrimination under the Fifth Amendment to the United States Constitution and on that basis declines to admit or deny those allegations. Defendant denies that he engaged in any manipulative trading, and except as expressly set forth herein, denies the remaining allegations and characterizations contained in Paragraph 31.

32. Defendant admits that he traded in numerous securities during the period identified in the Complaint. Defendant denies that he conducted "manipulative trading" in any security, lacks knowledge or information sufficient to form a belief as to the truth of the allegation that the trading involved "more than 400 different securities" as compiled in Attachment A, and on that basis denies it, and denies the remaining allegations and characterizations contained in Paragraph 32.

33. Defendant admits that he used the accounts held in his own name and in the name of NextGen for securities trading. As to the allegations that Defendant used any account held in the name of another individual, Defendant asserts his privilege against self-incrimination under the Fifth Amendment to the United States Constitution and on that basis declines to admit or deny those allegations. Defendant denies that his trading

7

generated any "illicit gains," denies that any such gains totaled more than $5 million, denies the characterization of any profits, and denies the remaining allegations contained in Paragraph 33.

**B. Examples of Patel's Manipulative Trading**

**1. AeroCentury Corp. on May 13, 2021**

34. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the precise National Best Bid and National Best Offer for AeroCentury shares at the time referenced, and on that basis denies them.

35. Defendant admits that he placed a market order to buy shares of AeroCentury in Account 4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the precise number of shares and time referenced, and on that basis denies them, and denies the remaining allegations and characterizations contained in Paragraph 35.

36. Defendant admits that he placed multiple market orders to purchase shares of AeroCentury in Account 4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the precise number, size, and timing of those orders, and on that basis denies them, and denies the remaining allegations and characterizations contained in Paragraph 36.

37. Defendant admits that the price of AeroCentury shares changed during the period referenced. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the precise execution prices, and on that basis denies them, and denies the remaining allegations and characterizations contained in Paragraph 37.

8

38. Defendant admits that he placed limit buy orders for AeroCentury shares in Account 4, certain of which were filled or partially filled. Defendant denies that any such order was non-bona fide or placed to display false demand, lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the precise number, prices, and share quantities referenced, and on that basis denies them, and denies the remaining allegations and characterizations contained in Paragraph 38.

39. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the precise National Best Bid and National Best Offer at the times referenced and the percentage increase alleged, and on that basis denies them, and denies the remaining allegations and characterizations contained in Paragraph 39.

40. Defendant admits that he placed market orders to sell AeroCentury shares while certain limit buy orders remained open. Defendant denies that any open order was "showing demand" or otherwise improper, lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the precise share quantities and prices referenced, and on that basis denies them, and denies the remaining allegations and characterizations contained in Paragraph 40.

41. Defendant admits that he sold AeroCentury shares and canceled open limit orders. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the precise number of orders, prices, share quantities, and timing referenced, and on that basis denies them, and denies the remaining allegations and characterizations contained in Paragraph 41.

42. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of whether his trading accounted for approximately half of the market-wide

trading volume in AeroCentury shares during the period referenced and on that basis denies them, denies that his trading was manipulative, and denies that any resulting profit was illicit or unlawfully obtained and denies the remaining allegations and characterizations contained in Paragraph 42. Defendant admits that his trading in AeroCentury on May 13, 2021 yielded a profit, but denies that the profit equaled the figure alleged or was the product of any manipulative or improper conduct.

**2. Arqit Quantum Inc. ("ARQQ") on October 8, 2021**

43. Defendant admits that he purchased shares of Arqit Quantum Inc. in Account 4 on October 8, 2021. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the precise National Best Bid and National Best Offer at the time referenced, and on that basis denies them, and denies the remaining allegations and characterizations contained in Paragraph 43.

44. Defendant admits that he purchased shares of Arqit in Account 4 on October 8, 2021 by placing market orders and limit orders. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the precise number of shares, orders, and prices referenced, and on that basis denies them, and denies the remaining allegations and characterizations contained in Paragraph 44.

45. Defendant admits that he placed limit orders to buy shares of Arqit in Account 2. Defendant denies that any such order was placed to communicate false interest or to support an inflated price, lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the precise prices and times referenced, and on that basis denies them, and denies the remaining allegations and characterizations contained in Paragraph 45.

46. Defendant admits that he began selling shares of Arqit in Account 4 at the time referenced. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the precise execution price referenced, and on that basis denies them, and denies the remaining allegations and characterizations contained in Paragraph 46.

47. Defendant admits that he placed limit orders to buy Arqit shares in Account 4 and sold Arqit shares during the period referenced. Defendant denies that any such order was non-bona fide or improper, lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the precise number, size, and prices of the orders referenced, and on that basis denies them, and denies the remaining allegations and characterizations contained in Paragraph 47.

48. Defendant admits that he sold Arqit shares during the period referenced. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the precise National Best Bid at the times referenced, and on that basis denies them, and denies the remaining allegations and characterizations contained in Paragraph 48.

49. Defendant admits that he canceled outstanding limit orders to buy Arqit shares. Defendant denies the remaining allegations and characterizations contained in Paragraph 49.

50. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether his trading accounted for over 31% of the total trading volume in Arqit during the period referenced and on that basis denies them, denies that his trading was manipulative, and denies that any resulting profit was illicit or unlawfully

obtained. Defendant admits that his trading in Arqit on October 8, 2021 yielded a profit, but denies that the profit equaled the figure alleged or was the product of any manipulative or improper conduct.

**C. Patel Repeatedly Received Compliance Warnings from Broker-Dealers, Lied About his Trading Strategy, and Had his Accounts Restricted and/or Closed.**

51. Defendant admits that his trading at times prompted compliance inquiries at broker-dealers and that certain accounts were restricted and/or closed. Defendant denies that his trading was manipulative or that any inquiry concerned actual manipulative trading, and denies the remaining allegations and characterizations contained in Paragraph 51.

52. Defendant admits that Broker-Dealer 3 placed a restriction on Account 3 and that a representative of Broker-Dealer 3 spoke with him by telephone. Defendant denies that his trading manipulated the price of any security, lacks knowledge or information sufficient to form a belief as to whether the call was recorded, and denies the remaining allegations and characterizations contained in Paragraph 52.

53. Defendant admits that a representative of Broker-Dealer 3 discussed Defendant's trading practices with him. Defendant denies that his trading boosted, inflated, or otherwise manipulated the price of any security, denies that he sold at any "overly inflated" price, denies the characterization of his trading set forth in Paragraph 53, and denies the remaining allegations and characterizations contained in Paragraph 53.

54. Defendant admits that the representative of Broker-Dealer 3 suggested modifications to his trading practices. Defendant denies that his trading manipulated the price of any security, and denies the remaining allegations and characterizations contained in Paragraph 54.

55. Defendant admits that Broker-Dealer 3 notified him in or about September 2021 that it was ending its relationship with him. Defendant denies that he failed to change his practices, denies the characterization of his trading, and denies the remaining allegations contained in Paragraph 55.

56. Defendant admits that he transferred funds from accounts at Broker-Dealer 3 to accounts at Broker-Dealer 1 and Broker-Dealer 2. Defendant denies that he engaged in any manipulative practices, lacks knowledge or information sufficient to form a belief as to the truth of the allegation concerning the precise amount transferred, and on that basis denies it, and denies the remaining allegations and characterizations contained in Paragraph 56.

57. Defendant admits that Broker-Dealer 1 contacted him regarding his trading activity and that a representative of Broker-Dealer 1 spoke with him by telephone in or about November 2021. Defendant denies that his trading gave the appearance of, or constituted, "spoofing" or "layering," denies that he continued any manipulative trading, and denies the remaining allegations and characterizations contained in Paragraph 57.

58. Defendant admits that Broker-Dealer 1 restricted trading in Account 1 and Account 4 in or about July 2022, and that an account held in his name was closed or terminated in or about August 2022. Defendant denies any allegation that misidentifies the broker-dealer associated with any account as inconsistent with the Complaint's own chart, and denies that he engaged in any manipulative trading. As to the allegation that Defendant "simply traded in accounts held in other people's names," Defendant asserts his privilege against self-incrimination under the Fifth Amendment to the United States Constitution and on that basis declines to admit or deny that allegation. Except as expressly set forth herein,

Defendant denies the remaining allegations and characterizations contained in Paragraph 58.

**D. Patel Traded Using Accounts Held in Other People's Names**

59. Defendant admits that certain of his personal and NextGen accounts were restricted and/or terminated. As to the allegations that Defendant placed trades through, traded in, used, or controlled accounts held in the names of Family Member or Individual A, Defendant asserts his privilege against self-incrimination under the Fifth Amendment to the United States Constitution and on that basis declines to admit or deny those allegations. Defendant denies that he engaged in any manipulative trading, and except as expressly set forth herein, denies the remaining allegations and characterizations contained in Paragraph 59.

**1. Patel Opened Trading Accounts in Family Member's Name Without Family Member's Knowledge**

60. As to the allegations contained in Paragraph 60, including that Defendant traded in or placed orders through accounts held in Family Member's name at Broker-Dealer 1 and Broker-Dealer 3, Defendant asserts his privilege against self-incrimination under the Fifth Amendment to the United States Constitution and on that basis declines to admit or deny those allegations.

61. As to the allegations contained in Paragraph 61, including that Defendant opened accounts in Family Member's name, used Family Member's personal identity information, or signed Family Member's name on account-opening documents, Defendant asserts his privilege against self-incrimination under the Fifth Amendment to the United States Constitution and on that basis declines to admit or deny those allegations.

14

62. As to the allegations contained in Paragraph 62, including that Defendant traded in Account 6, Account 7, or Account 8 or created or used any login credentials to access any such account, Defendant asserts his privilege against self-incrimination under the Fifth Amendment to the United States Constitution and on that basis declines to admit or deny those allegations.

63. As to the allegations contained in Paragraph 63, including that Defendant traded in Account 6, Account 7, or Account 8, responded to any broker-dealer inquiry as Family Member, or used Family Member's credentials, Defendant asserts his privilege against self-incrimination under the Fifth Amendment to the United States Constitution and on that basis declines to admit or deny those allegations.

64. As to the allegations contained in Paragraph 64, including that broker-dealers placed restrictions on accounts held in Family Member's name and that Defendant impersonated Family Member or listened in on, scripted, or provided responses for any communication for Family Member to recite, Defendant asserts his privilege against self-incrimination under the Fifth Amendment to the United States Constitution and on that basis declines to admit or deny those allegations.

65. As to the allegations contained in Paragraph 65, Defendant asserts his privilege against self-incrimination under the Fifth Amendment to the United States Constitution and on that basis declines to admit or deny those allegations. Defendant denies that any trading was manipulative.

66. As to the allegations contained in Paragraph 66, including that Defendant directed Family Member's communications with Broker-Dealer 3 or continued any trading, Defendant asserts his privilege against self-incrimination under the Fifth Amendment to the United

15

States Constitution and on that basis declines to admit or deny those allegations. Defendant denies that any trading was manipulative.

**2. Patel Continued his Manipulative Trading in Accounts Held in Individual A's Name**

67. As to the allegations contained in Paragraph 67, including that Defendant traded in, used, or controlled any account held in Individual A's name or discussed trading under Individual A's name, Defendant asserts his privilege against self-incrimination under the Fifth Amendment to the United States Constitution and on that basis declines to admit or deny those allegations.

68. As to the allegations contained in Paragraph 68, including that Defendant transferred funds to accounts held in Individual A's name or that any account was opened for his use, Defendant asserts his privilege against self-incrimination under the Fifth Amendment to the United States Constitution and on that basis declines to admit or deny those allegations.

69. As to the allegations contained in Paragraph 69, Defendant asserts his privilege against self-incrimination under the Fifth Amendment to the United States Constitution and on that basis declines to admit or deny those allegations.

70. As to the allegations contained in Paragraph 70, including that Defendant began trading in Account 9 and Account 10, Defendant asserts his privilege against self-incrimination under the Fifth Amendment to the United States Constitution and on that basis declines to admit or deny those allegations.

71. As to the allegations contained in Paragraph 71, including that Defendant traded in, used, or controlled Account 9 or Account 10, Defendant asserts his privilege against self-incrimination under the Fifth Amendment to the United States Constitution and on that

basis declines to admit or deny those allegations. Defendant denies that any inquiry concerned actual manipulative trading.

72. As to the allegations contained in Paragraph 72, including that Defendant traded in, used, or controlled Account 9 or Account 10 or responded to any communication using Individual A's username or credentials, Defendant asserts his privilege against self-incrimination under the Fifth Amendment to the United States Constitution and on that basis declines to admit or deny those allegations. Defendant denies that any of his trading was manipulative.

73. As to the allegations contained in Paragraph 73, including that Defendant traded in, used, or controlled Account 9 or Account 10 or that Individual A returned funds to him, Defendant asserts his privilege against self-incrimination under the Fifth Amendment to the United States Constitution and on that basis declines to admit or deny those allegations. Defendant denies that he engaged in any manipulative trading.

**E. Patel Profited from his Manipulative Trading**

74. Defendant admits that he earned profits from his trading activities. Defendant denies that any profits were derived from manipulative trading, denies the characterization of any profits as "illicit," and denies that his trading profits during the period referenced totaled more than $5 million as alleged. Defendant denies the remaining allegations and characterizations contained in Paragraph 74.

75. Defendant admits that he traded in numerous securities during the period referenced. Defendant denies that any such trading was manipulative, lacks knowledge or information sufficient to form a belief as to the truth of the allegation that the trading involved "more than 400 securities" as compiled in Attachment A, and on that basis

17

denies it, and denies the remaining allegations and characterizations contained in Paragraph 75.

## II. Patel Violated the Federal Securities Laws

76. Defendant denies the allegations contained in Paragraph 76.

77. Defendant denies the allegations contained in Paragraph 77.

78. Defendant denies the allegations contained in Paragraph 78.

79. Defendant admits that broker-dealers communicated with him regarding his trading. Defendant denies that his trading appeared to be or was manipulative, denies that he refused to change or ignored any warning, and denies the remaining allegations and characterizations contained in Paragraph 79.

80. As to the allegation contained in Paragraph 80 that Defendant used multiple accounts to obscure his identity when trading, Defendant asserts his privilege against self-incrimination under the Fifth Amendment to the United States Constitution and on that basis declines to admit or deny that allegation. Defendant denies that he placed any non-bona fide orders and denies the remaining allegations contained in Paragraph 80.

81. Paragraph 81 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 81.

82. Defendant denies the allegations contained in Paragraph 82.

83. Defendant denies the allegations contained in Paragraph 83.

84. As to the allegations contained in Paragraph 84, including that Defendant placed trades through, used, or controlled accounts held in the names of Family Member and Individual A, Defendant asserts his privilege against self-incrimination under the Fifth Amendment

to the United States Constitution and on that basis declines to admit or deny those allegations. Defendant denies that he did so to conceal any manipulative trading, denies that he engaged in any manipulative trading, and except as set forth herein, denies the remaining allegations and characterizations contained in Paragraph 84.

85. As to the allegations contained in Paragraph 85, including that Defendant misrepresented information to Broker-Dealer 1 and Broker-Dealer 3 or represented himself as Family Member when signing forms or answering identifying questions, Defendant asserts his privilege against self-incrimination under the Fifth Amendment to the United States Constitution and on that basis declines to admit or deny those allegations.

86. Paragraph 86 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 86.

87. Paragraph 87 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 87.

88. As to the allegations contained in Paragraph 88, including that Defendant obtained money by making material misrepresentations and omissions to Broker-Dealer 1 and Broker-Dealer 3 or earned profits by trading in accounts held in the name of Family Member, Defendant asserts his privilege against self-incrimination under the Fifth Amendment to the United States Constitution and on that basis declines to admit or deny those allegations. Defendant denies the remaining allegations contained in Paragraph 88.

**FIRST CLAIM FOR RELIEF**
**Fraud in the Offer or Sale of Securities**
**Violations of Securities Act Section 17(a)**

19

89. In response to Paragraph 89, Defendant repeats and incorporates by reference his responses to Paragraphs 1 through 88 as if fully set forth herein.

90. Paragraph 90 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 90.

91. Paragraph 91 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies that he violated Section 17(a) of the Securities Act and denies the allegations contained in Paragraph 91.

## SECOND CLAIM FOR RELIEF
### Fraud in the Purchase or Sale of Securities
### Violations of Section 10(b) of Exchange Act and Rule 10b-5 Thereunder

92. In response to Paragraph 92, Defendant repeats and incorporates by reference his responses to Paragraphs 1 through 88 as if fully set forth herein.

93. Paragraph 93 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 93.

94. Paragraph 94 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies that he violated Section 10(b) of the Exchange Act or Rule 10b-5 thereunder and denies the allegations contained in Paragraph 94.

## THIRD CLAIM FOR RELIEF
### Market Manipulation
### Violations of Section 9(a)(2) of the Exchange Act

95. In response to Paragraph 95, Defendant repeats and incorporates by reference his responses to Paragraphs 1 through 88 as if fully set forth herein.

96. Paragraph 96 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 96.

20

97. Paragraph 97 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies that he violated Section 9(a)(2) of the Exchange Act and denies the allegations contained in Paragraph 97.

## RESPONSE TO PRAYER FOR RELIEF

In response to the SEC's Prayer for Relief, including subparagraphs I through VI, Defendant denies that the SEC is entitled to any relief whatsoever, including but not limited to permanent injunctive relief, disgorgement, prejudgment interest, civil monetary penalties, account-related injunctive relief, or any other relief, and respectfully requests that the Complaint be dismissed in its entirety with prejudice.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof on any issue for which the SEC bears the burden, and reserving the right to assert additional affirmative defenses as discovery and investigation may warrant, Defendant asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE
### (Lack of Scienter)

The SEC's claims under Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, Section 17(a)(1) of the Securities Act, and Section 9(a)(2) of the Exchange Act fail because the SEC cannot establish that Defendant acted with the requisite scienter, that is, the intent to deceive, manipulate, or defraud. Scienter is the only factor that distinguishes legitimate trading from improper manipulation, and the SEC cannot establish that the trading at issue was manipulative absent proof of such manipulative intent. *See Set Capital LLC v. Credit Suisse Grp. AG*, 996 F.3d 64, 77 (2d Cir. 2021); *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 101-02 (2d Cir. 2007).

21

## SECOND AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

## THIRD AFFIRMATIVE DEFENSE
### (Failure to Plead Fraud with Particularity)

The SEC's claims sounding in fraud are barred, in whole or in part, by the failure to plead the circumstances constituting the alleged fraud with the particularity required by Federal Rule of Civil Procedure 9(b).

## FOURTH AFFIRMATIVE DEFENSE
### (Proportionality of Remedies)

Any disgorgement award is limited, as a matter of equity, to Defendant's net profits causally connected to the alleged violations, after deduction of legitimate business expenses, and may not exceed the amount of any wrongful gain. *See Liu v. SEC*, 591 U.S. 71 (2020); *SEC v. Ahmed*, 72 F.4th 379, 395-96 (2d Cir. 2023). Any civil monetary penalty must be proportionate to the nature, extent, and severity of the alleged violations. The SEC's claims for monetary relief are barred or must be reduced to the extent they exceed these limitations.

## FIFTH AFFIRMATIVE DEFENSE
### (Reservation of Rights)

Defendant reserves the right to assert additional affirmative defenses as they become known through discovery and further investigation.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant demands a trial by jury on all issues so triable.

WHEREFORE, Defendant Harsh V. Patel respectfully requests that the Court:

(a) Dismiss the Complaint in its entirety with prejudice;

22

(b) Deny all relief sought by the SEC;

(c) Award Defendant his costs and expenses incurred in defending this action; and

(d) Grant such other and further relief as this Court deems just and proper.

Dated:        New York, New York
              June 28, 2026

                                          By:    /s/ Michael Cornacchia
                                                 Michael Cornacchia
                                                 Attorney at Law
                                                 225 East 57th Street, Suite 6L
                                                 New York, NY 10022
                                                 Phone: 917-747-8950
                                                 mcornacchia@mtclegal.com
                                                 *Attorney for Defendant Harsh V. Patel*