USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/17/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,
Plaintiff,

-against-

HARSH V. PATEL,
Defendant.

26-CV-03203 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

This is a securities fraud case brought by the Securities and Exchange Commission against *pro se* Defendant Harsh Patel. Before the Court is Defendant's application for an order requesting the appointment of *pro bono* counsel. Dkt. No. 22. The application is GRANTED.

The courts "may request an attorney represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike criminal cases, there is no requirement in civil cases that courts provide indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek *pro bono* representation for a civil litigant. *Id.* Even if a court does believe that a civil litigant should have a free lawyer, it has no authority to "appoint" counsel and instead may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 301–10 (1989). Furthermore, courts must request the services of *pro bono* counsel sparingly to preserve the "precious commodity" of volunteer lawyers' time. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172–73 (2d Cir. 1989).

A court may only request *pro bono* counsel if a litigant demonstrates that he or she is indigent and if the court determines the litigant's claim "seems likely to be of substance." *Hodge*, 802 F.2d at 60, 61–62. If these requirements are met, a court must next consider factors such as the litigant's "efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel" as well as a litigant's ability to "obtain a lawyer otherwise than through *pro bono* appointment." *Cooper*, 877 F.2d at 172–73. The court must also consider the "indigent's ability to investigate the crucial facts, . . . the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination." *Hodge*, 802 F.2d at 60.

Defendant has satisfied the *Hodge* standards sufficient for the Court to request the appointment of *pro bono* counsel. While Defendant has not yet applied for *in forma pauperis* status, Defendant has sufficiently presented that he is indigent and has as a result lost the services of his former counsel. *See* Dkt. No. 22. There is also reason to believe that the appointment of counsel for a limited purpose may lead to a just determination. Plaintiff's claims are complex and involve specialized questions of securities law. The discovery involved in this complex

securities case is extensive. It is anticipated that counsel will be able to assist Defendant in understanding his rights, pursuing any defenses available to him, and if appropriate, negotiating a resolution with the SEC. It is apparent from the Court's involvement in this case that counsel would be of assistance to Defendant. Furthermore, Defendant's former counsel withdrew due to Defendant's inability to pay his attorney's fees, Dkt. No. 19, and Defendant has been unable to secure new counsel despite his efforts, Dkt. Nos. 20, 22.

In summary, Defendant's application for the Court to request *pro bono* counsel is GRANTED. The Clerk of Court is respectfully directed to attempt to locate *pro bono* counsel to represent Defendant for the limited purpose of conducting discovery in this action. In addition, *pro bono* counsel may engage in settlement discussions, should Defendant wish to do so. If secured, counsel will file a Notice of Limited Appearance as *Pro Bono* Counsel. *Pro bono* counsel will not be obligated at this time for any aspect of Defendant's representation beyond these purposes. In particular, *pro bono* counsel will not be required to respond to a dispositive motion. In the event that Plaintiff files a dispositive motion, *pro bono* counsel may seek appropriate relief, including an extension of Defendant's time to respond, or an expansion of *pro bono* counsel's role to include responding to the motion. Absent an expansion of the scope of *pro bono* counsel's representation, *pro bono* counsel's representation of Defendant will end upon completion of discovery. *See, e.g.*, *Broadnax v. Hallet*, No. 21-CV-02926 (VSB), 2023 WL 4409477, at *2 (S.D.N.Y. June 9, 2023). Upon the filing by *pro bono* counsel of a Notice of Completion, the representation by *pro bono* counsel of Defendant in this matter will terminate, and *pro bono* counsel will have no further obligations or responsibilities to Defendant or to the Court.

Under the Court's Standing Order regarding the Creation and Administration of the Pro Bono Fund, 16-MC-0078, *pro bono* counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in furtherance of Defendant's case. The Pro Bono Fund is especially intended for attorneys for whom *pro bono* services pose a financial hardship. *See* Southern District of New York, Forms, https://nysd.uscourts.gov/forms/pro-bono-fund-order.

Courts do not draw from a pot of funds to compensate counsel and instead rely on volunteer attorneys. *Labombard v. City of New York*, No. 22-CV-02196 (LJL), 2023 WL 317327, at *3 (S.D.N.Y. Jan. 18, 2023). Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Defendant. If an attorney volunteers, the attorney will contact Defendant directly to determine if each party (Defendant and counsel) desire to move forward with representation. There is no requirement on the part of Defendant to retain any counsel who has volunteered. By the same token, however, there is no guarantee that a volunteer attorney will decide to take the case, even if an attorney agrees to contact Defendant for the purpose of discussing potential representation and ultimately declines to represent Defendant. *See, e.g.*, *Brown v. Longe*, No. 19-CV-03375 (LJL), 2023 WL 4548635, at *2 (S.D.N.Y. July 14, 2023). Accordingly, Defendant should be prepared to proceed with the

case without an attorney. *Assure Global, LLC v. Anderson*, No. 21-CV-05785 (LJL), 2023 WL 6541774, at *2 (S.D.N.Y. Sept. 11, 2023).

Dated: November 17, 2026
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge